STEPHEN PUNK, RESPONDENT, v. BOTANY WORSTED MILLS, A CORPORATION, APPELLANT.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellant, *Stein, McGlynn & Hannoch.*

For the respondent, *Aaron L. Simon.*

PER CURIAM.

This was an action at law in the New Jersey Supreme Court for damages for an injury resulting to the plaintiff, for which the defendant was charged with liability. It was tried at the Passaic Circuit, and resulted in a verdict for the plaintiff. An appeal was taken to this court from the judgment entered in the cause.

Three grounds of appeal are assigned for error, (1) that the trial court denied defendant's motion for a nonsuit; (2) denied defendant's motion to direct a verdict in its favor; (3) admitted in evidence a certain scuttle, over defendant's objection.

There are no exceptions or objections to the refusal of the motions to nonsuit and to direct a verdict, being the first two grounds of appeal. As to the third and last ground. it is the only one concerning which we find any objection by defendant. The scuttle was offered in evidence and counsel for defendant said: "I object to it as irrelevant." This was a general objection and therefore apparently inadmissible (*Travisano* v. *Stefanelli,* 84 *N. J. L.* 767, 768), but, notwithstanding, the judge said: "I will allow it." And it was marked as an exhibit. However, this ground of appeal is not argued.

In *Kargman* v. *Carlo,* 85 *N. J. L.* 632, this court held that the abolition of "bills of exceptions" by section 25 of the Practice act, 1912, does away with the requirement that exceptions be signed and sealed by the trial judge, but does not abrogate the general rule that no ruling relating to the reception or rejection of evidence will be reviewed unless the record discloses that an objection to such ruling was duly made or such ruling otherwise challenged at the time of the ruling. And this ruling applies equally to all motions.

An objection must be made to their denial or the question cannot be made a ground of appeal. See *Byrne Co.* v. *Snead & Co.*, 98 *Id.* 256.

This case was argued on briefs submitted by both sides by consent. This court held in *A. Makray, Inc.*, v. *McCullough*, 103 *N. J. L.* 346 (at *p.* 348), that it need not, and ordinarily will not, consider a question not raised and argued in the court below unless it goes to jurisdiction or involves public policy. Neither jurisdiction nor public policy is involved in the case at bar. And this court also said (at *p.* 348), that it will not consider questions not argued before it.

The judgment appealed from will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.